UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROLLO, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BRISTOL-MYERS SQUIBB COMPANY, et al.,<br><br>　　　　Defendants. | Case No.18-cv-02577-HSG<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: Dkt. No. 16 |

Defendant Bristol-Myers Squibb Co. ("Bristol-Meyers") removed this action from San Francisco County Superior Court on May 2, 2018. Dkt. No. 1.[1] On May 7, 2018, the United States Judicial Panel on Multidistrict Litigation ("the MDL Panel") filed a conditional transfer order transferring this case to *In re Abilify (Aripiparzole) Products Liability Litigation* ("the Abilify MDL"). MDL No. 2734, Dkt. No. 158. Plaintiffs filed a motion to remand on May 8, 2018, Dkt. No. 7, and a notice of opposition to the conditional transfer order on May 11, 2018, MDL No. 2734, Dkt. No. 167. The MDL Panel subsequently set a briefing schedule for Plaintiffs to file a motion to vacate the conditional transfer order. MDL No. 2734, Dkt. No. 174. On May 15, 2018, Bristol-Myers filed a motion to stay all proceedings in this action pending transfer to the Abilify MDL. *See* Dkt. No. 16.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In order to issue a stay, courts consider: (1) "the possible damage which may result from the granting of a stay," (2)

---

[1] All docket references are to this case unless otherwise indicated.

"the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Whether to stay an action is a matter entrusted to the discretion of the district court. *See Landis,* 299 U.S. at 254 ("How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

The Court finds in its discretion that both party and judicial resources will be most efficiently used if these cases are stayed until the MDL Panel decides whether to vacate the conditional transfer order. Deference to the MDL Panel allows for the uniformity, consistency, and predictability in litigation that underlies the MDL system. *See* 28 U.S.C. § 1407. Moreover, the stay will be of limited duration. It is therefore unlikely that any damage will result from the granting of the stay.

Accordingly, the Court **GRANTS** Bristol-Myers' motion to stay proceedings in this action until the MDL Panel resolves Plaintiffs' motion to vacate the conditional transfer order.

The case management conference set for May 29, 2018 at 2:00 p.m. is **VACATED**.

**IT IS SO ORDERED.**

Dated: 5/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge